15-1086-cv
Laroe Estates, Inc. v. Town of Chester

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand seventeen.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*

---------------------------------------------------------------------

LAROE ESTATES, INC.,

                         *Movant-Appellant,*

               v.                                   No. 15-1086-cv

TOWN OF CHESTER,

                         *Defendant-Appellee.*

---------------------------------------------------------------------

FOR APPELLANT:        JOSEPH J. HASPEL, Joseph J. Haspel, PLLC, Goshen, NY.

FOR APPELLEE:         ANTHONY F. CARDOSO (Steven C. Stern, *on the brief*), Sokoloff Stern LLP, Carle Place, NY.

On remand from the United States Supreme Court.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case be REMANDED to the United States District Court for the Southern District of New York.

Following our July 6, 2016 decision in Laroe Estates, Inc. v. Town of Chester, 828 F.3d 60 (2d Cir. 2016), the Town of Chester appealed to the United States Supreme Court. The Supreme Court vacated this Court's judgment in favor of Laroe Estates ("Laroe") and remanded the case for further proceedings. Town of Chester v. Laroe Estates, Inc., 137 S. Ct. 1645 (2017). The Supreme Court held that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." Id. at 1651. In the present case, the Supreme Court determined, "[i]t is unclear whether Laroe seeks the same relief as Sherman or instead seeks different relief, such as a money judgment against the Town in Laroe's own name," id., or "whether Laroe believes the Town is directly liable to Sherman or Laroe for the taking," id. at 1652 (quotation marks omitted). "This confusion," the Supreme Court instructed, "needs to be dispelled. If Laroe wants only a money judgment of its own running directly against the Town, then it seeks damages different from those sought by Sherman and must establish its own Article III standing in order to intervene. We leave it to the Court of Appeals to address this question on remand." Id.

Because resolving the ambiguity identified by the Supreme Court is likely to require a factual inquiry that this Court lacks the institutional capacity to perform, we now remand to the United States District Court for the Southern District of New York to consider "whether Laroe seeks the same relief as Sherman or instead seeks different relief, such as a money judgment against the Town in Laroe's own name," id. at 1651, and, if the latter, whether it can "establish its own Article III standing" in order to be able to seek that relief, id. at 1652.

2

Depending on the findings and rulings it makes in considering these questions, the District Court may enter such orders and conduct such further proceedings as the District Court deems appropriate. Any further appeal in this case will be assigned to a new panel in the ordinary course.

We hereby REMAND to the District Court for further proceedings in accordance with this order. The motion of Nancy Sherman, Executrix to intervene in this case on appeal is DENIED as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court